UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RAYMOND B. SIMMONS<br><br>　　　　　Plaintiff,<br>　　v.<br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants.<br>_____/ | No. C 13-4832 MEJ<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

On October 17, 2013, Plaintiff Raymond B. Simmons filed a Complaint and an Application to Proceed In Forma Pauperis. For the reasons stated below, the Court GRANTS Plaintiff's application to proceed in forma pauperis. As Plaintiff has not consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c), the Court ORDERS the Clerk of Court to REASSIGN this case to a district judge, with the recommendation that the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

## BACKGROUND

The following factual background is taken from Plaintiff's Complaint and attachments thereto. Dkt. No. 1. Plaintiff brings this case against the City and County of San Francisco and the San Francisco Police Department, alleging one cause of action against both Defendants: the "unconstitutional and tortious act of tainting Police Report evidence by crossing out information necessary to win in the Court of Appeal as per decision filed January 31, 2013." Compl. ¶ 1.

Plaintiff is a resident of the Holly Court housing project in San Francisco. *Id.* ¶ 5.

1  According to Plaintiff, on April 9, 2010, another Holly Court resident assaulted him with a steel
2  baseball bat at the front door of his residence. *Id.* Plaintiff states that another tenant called the San
3  Francisco Police Department and, when they arrived on the scene, the assailant was pounding on the
4  gate at Plaintiff's front door with the steel bat, at which point two male police officers pinned him to
5  the ground. *Id.* ¶ 6, Ex. A at 2. Plaintiff alleges that two groups of police officers arrived on the
6  scene – the two male officers that pinned the assailant, and a second group that arrived after the
7  incident. *Id.* ¶ 6. This second group included Officer Christina E. Johnson-Carr, who wrote the
8  police report that includes Plaintiff's account of the incident. *Id.*

9  According to the police report narrative, Simmons had a strong odor of alcohol on his breath,
10  was very uncooperative, and refused to explain what made him feel threatened by the other man.
11  *Id.*, Ex. A at 23. Neighbors told police that the altercation was mutual and the property manager
12  observed the lack of cooperation from the involved parties. *Id.* Plaintiff, however, states that he
13  "gave an account of the incident knowing that the officers involved already witnessed what
14  happened and was not trying to be uncooperative to the female reporting officer." *Id.* ¶ 6. Plaintiff
15  later requested the police report, at which time he learned that the name of his assailant had been
16  redacted. *Id.* ¶¶ 7, 10, Ex. A at 22-23.

17  Plaintiff filed a Complaint in San Francisco County Superior Court against the San Francisco
18  Housing Authority, alleging various tort causes of action related to the incident. *Id.*, Ex. A at 3-8.
19  Judgment was entered in 2012 in favor of the housing authority. *Id.*, Ex. A at 36. Plaintiff appealed
20  from this judgment, but the California Court of Appeals affirmed judgment, holding that Plaintiff
21  had waived any claims because he "set forth no intelligible legal argument stating how the
22  allegations of the first amended complaint are sufficiently specific to state causes of action." *Id.*, Ex.
23  A at 36. The court further held that, even if Plaintiff could overcome this procedural hurdle, he
24  could not prevail on the merits of his appeal because his complaint did not state facts sufficient to
25  constitute a cause of action. *Id.*, Ex. A at 37.

26  Plaintiff filed the present Complaint on October 17, 2013. He alleges that "[t]he Appeal was
27  lost due to Defendant having crossed out the name of my assailant in the Police Report." *Id.* ¶ 9.
28

1  Plaintiff alleges that the "San Francisco Police Department's act of crossing out the name of the
2  Plaintiff's assailant in the Police Report . . . was in violation of a U.S. Constitutional right to
3  complete evidence." *Id.* ¶ 12.  He seeks compensatory damages in the amount of $10 million. *Id.* ¶
4  13.

**APPLICATION TO PROCEED IN FORMA PAUPERIS**

6  Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil
7  action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees
8  necessary to pursue the action.  28 U.S.C. § 1915(a)(1).  Here, Plaintiff has submitted the required
9  documentation, and it is evident from the application that Plaintiff's assets and income are
10 insufficient to enable Plaintiff to pay the filing fees.  Accordingly, the Court GRANTS Plaintiff's
11 application to proceed in forma pauperis.

**SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

**A.    Legal Standard**

14 Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any
15 person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and
16 sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon
17 which relief may be granted, or seeks monetary relief from a defendant who is immune from such
18 relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v.
19 Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  Section 1915(e)(2) mandates that the
20 court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before
21 directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil
22 Procedure (Rule) 4(c)(2).  *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193,
23 1194 (9th Cir. 1998) (noting that the language of § 1915(e) (2)(B)(ii) parallels the language of
24 Federal Rule of Civil Procedure ("Rule") 12(b)(6)).  As the United States Supreme Court has
25 explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste
26 of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate
27 because of the costs of bringing suit."  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

1     "Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d)
2 and failure to state a claim under Rule 12(b)(6) are distinct concepts.  A complaint is "frivolous"
3 when it lacks an arguable basis either in law or in fact.  *Id.* at 325 (definition of "frivolous . . .
4 embraces not only the arguable legal conclusion, but also the fanciful factual allegation").  When
5 determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(I), the
6 Court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning
7 that the Court "is not bound, as it usually is when making a determination based solely on the
8 pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*,
9 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327).  Further, the Ninth Circuit has expressly
10 held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit .
11 . . .  [A] person with a measured legitimate claim may cross the line into frivolous litigation by
12 asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*,
13 500 F.3d 1047, 1060–61 (9th Cir. 2007).
14     The Court may also dismiss a complaint sua sponte under Rule 12(b)(6).  *Sparling v.*
15 *Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir. 1988).  Under Rule 12(b)(6), a district court must
16 dismiss a complaint if it fails to state a claim upon which relief can be granted.  Rule 8(a)(2) requires
17 that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief.  "To
18 survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to
19 state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
20 (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
21 The complaint need not contain detailed factual allegations, but the plaintiff must "provide the
22 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions," and
23 merely "a formulaic recitation of the elements of a cause of action" is insufficient.  *Iqbal*, 556 U.S.
24 at 678; *see also Twombly*, 550 U.S. at 555.
25     In ruling on a motion to dismiss, courts may consider only "the complaint, materials
26 incorporated into the complaint by reference, and matters of which the court may take judicial
27 notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).  The
28

factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, the Court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez,* 203 F.3d at 1130.

**B.     Application to the Case at Bar**

Having reviewed Plaintiff's Complaint and the attachments thereto, the Court finds that Plaintiff has failed to state a cause of action for violation of any constitutional right. Plaintiff alleges that "the San Francisco Police Department's act of crossing out the name of Plaintiff's assailant in the Police Report" violated his "U.S. Constitutional right to the complete evidence," resulting in the denial of his appeal of the judgment of dismissal. Compl. ¶ 12. However, even construing the Complaint liberally, the Court cannot identify any plausible ground for Plaintiff's claims. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."). The appellate court already made this determination, holding that Plaintiff failed to cite statutory or case authority to support his claims of error on appeal, and the claim was deemed waived by the appellate court. Compl, Ex. A at 36. Further, even if Plaintiff's claim was not procedurally waived, the appellate court found that Plaintiff's appeal could not have prevailed on the merits because he failed to allege the factual elements of each cause of action with sufficient particularity to state a cause of action in the First Amended Complaint. *Id.*, Ex. A at 37. Put another way, although Plaintiff now alleges that the appellate court ruled against him because

5

the assailant's name was redacted from the police report, the appellate court made no such ruling, and there is no indication that this was fatal to his appeal. Rather, even if the name had not been redacted, it was Plaintiff's inability to adequately marshall the facts he did possess, or set forth the elements of each particular cause of action, that led to the denial of his appeal. Consequently, the undersigned RECOMMENDS that the District Court DISMISS Plaintiff's Complaint WITHOUT LEAVE TO AMEND.

## CONCLUSION

Based on the analysis above, the Court GRANTS Plaintiff's application to proceed in forma pauperis. As Plaintiff has not consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c), the Court ORDERS the Clerk of Court to REASSIGN this case to a district judge, with the recommendation that the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served. The Court advises Plaintiff that he may wish to seek assistance from the Legal Help Center, located on the 15th Floor of the Federal Building, 450 Golden Gate Avenue, San Francisco, California, in Room 2796, where Plaintiff may sign up for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation. The telephone number for scheduling an appointment with the Legal Help Center is (415) 782-8982.

**IT IS SO ORDERED.**

Dated: October 29, 2013

_____
Maria-Elena James
United States Magistrate Judge

UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA

RAYMOND B. SIMMONS,

                Plaintiff(s),

  v.

CITY AND COUNTY OF S.F.,

                Defendant(s).

No. C 13-04832 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on **October 29, 2013**, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond B. Simmons
124 Appleton Ave
San Francisco, CA 94110

Dated: October 29, 2013

                                      Richard W. Wieking, Clerk
                                      By: Rose Maher, Deputy Clerk